## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SAMANTHA NI'COLE FLOWERS,<br>Appellant, | DOCKET NUMBER<br>AT-315H-16-0752-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>Agency. | DATE: May 11, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Samantha Ni'Cole Flowers</u>, Indian Head, Maryland, pro se.

<u>Christopher Midgley</u>, Fort Lee, Virginia, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to find that the appellant failed to nonfrivolously allege that she has a statutory right of appeal as an employee under 5 U.S.C. § 7511(a)(1), we AFFIRM the initial decision.

## BACKGROUND

¶2      Effective November 17, 2015, the agency appointed the appellant to a competitive-service position as a Sales Store Checker.  Initial Appeal File (IAF), Tab 7 at 10-14.  Less than 1 year later, effective July 29, 2016, the agency terminated her employment during her probationary period for misconduct.  *Id.* at 27-31.  The appellant filed a Board appeal challenging her termination.  IAF, Tab 1.

¶3      The administrative judge issued an order setting forth the law applicable to the question of the Board's jurisdiction and ordered the appellant to file evidence and argument showing that her appeal was within the Board's jurisdiction.  IAF, Tab 3.  The appellant did not respond to the order.  The agency responded to the order and moved to dismiss the appeal for lack of jurisdiction.  IAF, Tabs 7-8.  Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 9, Initial Decision (ID).  The administrative judge found that the appellant failed to raise nonfrivolous allegations of Board jurisdiction because she did not

allege that her termination was based on conditions arising prior to her appointment or that it was based on partisan political reasons or marital status discrimination.  ID at 2-3.

¶4      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has opposed the appellant's petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant has the burden of establishing that the Board has jurisdiction over her appeal.  5 C.F.R. § 1201.56(b)(2)(i)(A).  A probationary employee in the competitive service has a limited regulatory right of appeal.  *See* 5 C.F.R. § 315.806.  If such a person is terminated for reasons that arose after her appointment, as was the appellant, she may appeal to the Board only if she raises a nonfrivolous claim that her termination was based on partisan political reasons or marital status.  5 C.F.R. § 315.806(b).

¶6      The administrative judge correctly determined that the Board lacks jurisdiction pursuant to 5 C.F.R. § 315.806 because the appellant did not allege that her termination was due to discrimination on the basis of marital status or partisan political affiliation. ID at 3.  Although on review the appellant explains that she failed to respond to the administrative judge's jurisdictional order because she was confused about the Board's process, she does not dispute any of the administrative judge's findings or offer any evidence or argument raising nonfrivolous allegations of Board jurisdiction.  PFR File, Tab 1 at 1.

¶7      A probationary employee also may appeal her termination to the Board if she meets the definition of "employee" under 5 U.S.C. § 7511(a)(1).  *See McCormick v. Department of the Air Force*, 307 F.3d 1339, 1340-43 (Fed. Cir. 2002).  The definition of "employee" includes an individual in the competitive

service (i) who is not serving a probationary or trial period under an initial appointment; or (ii) except as provided in section 1599e of title 10,[2] who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  5 U.S.C. § 7511(a)(1)(A).

¶8    The appellant does not dispute that she was serving a probationary period at the time of her termination.  IAF, Tab 1 at 1.  She also had completed less than 1 year of current continuous service when she was terminated.  IAF, Tab 7 at 10-14, 27-31.  Although the record reflects that the appellant had prior Federal service from November 9, 2009, to February 2, 2012, IAF, Tab 7 at 32-35, such service does not count towards the 1-year current continuous service requirement because there was a break in service, *see, e.g.*, *Claiborne v. Department of Veterans Affairs*, 118 M.S.P.R. 491, ¶ 6 (2012) (stating that current continuous service means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday).  Thus, the appellant does not satisfy the definition of employee set forth in 5 U.S.C. § 7511(a)(1)(A).

¶9    Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

---

[2] Section 1599e of title 10 of the U.S. Code, which was enacted pursuant to the National Defense Authorization Act (NDAA) for Fiscal Year 2016, requires certain newly appointed Department of Defense employees to serve a 2-year probationary period. *See* Pub. L. No. 114-92, § 1105, 129 Stat. 726, 1023-24.  As a result, the NDAA also amended the definition of employee under 5 U.S.C. § 7511(a)(1)(A)(ii) to require an individual appointed to a permanent position within the competitive service at the Department of Defense after November 25, 2015, to have completed 2 years of current continuous service instead of 1 year. *See id.*  This amendment, however, does not apply to the appellant who was appointed to her position on November 17, 2015.

# NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.